GEORGE MAIER AND ALBERT C. MAIER, TRADING AS MAIER & BROTHER, APPELLANT, v. MILTON F. CHAMPION, RESPONDENT.

Submitted March 27, 1922—Decided June 19, 1922.

1. Where a tenant in possession of land under a lease for a term of years which provided for a rental during the term, to be paid in equal monthly sums in advance, holds over after the expiration of the agreed term, and pays the rent according to the agreement, which the landlord unconditionally accepts, a tenancy from year to year is created, in the absence of any proof from which want of consent by the landlord may be inferred.
2. Where no term is agreed on, or annual rent reserved, then the tenure is determined by the intervals of the payments agreed on, and, if to be made monthly, the hold-over tenancy is limited to a month, or, if weekly, to a week.

On appeal from the Supreme Court.

For the appellant, *Joseph H. Powell* and *Walter H. Bacon.*

For the respondent, *D. Trueman Stackhouse.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff and the defendant entered into a lease for a store property in Bridgeton. The lease was dated January 1st, 1915, for the term of three years, with an option of renewal for three years more, at the monthly rent of $25. The option was availed of and the extended lease expired on the first day of January, 1921. Some time prior to that the defendant paid the rent to the first day of February, 1921, which the plaintiff accepted and retained, and thereafter defendant paid plaintiff the rent in monthly installments until the first day of September following. Previous to the last payment, and shortly before the first of June, 1921, the plaintiff demanded possession on the first day of September following, which the defendant refused,

and after September first brought a suit in ejectment, which was tried, resulting in a verdict for the defendant, upon which the judgment appealed from was entered. The only question in the case is whether the tenant became, because of the payment and acceptance of the rent after January 1st, 1921, a hold-over tenant, entitled to remain in possession unless he was given three months' notice to quit before the first day of January, 1922.

The principal matter argued by appellant is that the original lease for three years only provided for a monthly rental of $25, payable in advance and did not reserve an annual rent, and for that reason the tenancy was monthly and not for a term of years, and therefore the hold-over tenancy was one from month to month, subject to a termination at the beginning of any month on three months' notice to quit, and not a tenancy from year to year, and that plaintiff having given defendant three months' notice prior to September 1st, 1921, to quit on that date, his term then expired. At the close of the case at the trial plaintiff requested the court to instruct the jury to render a verdict for plaintiff. The court declined to accede to the request, which ruling is the main ground of this appeal.

The question thus presented is whether a lease for a term of years, which reserves a rental of $25 per month, payable in advance, is a tenancy for years. This must be answered in the affirmative. Mr. Justice Garrison, speaking for the Supreme Court, in *Bernstein* v. *Demmert,* 73 *N. J. L.* 118, where the lease was for five years, rent payable monthly, said (on *p.* 120), "Beyond the mere fact, therefore, that these monthly payments were thus made there is nothing upon which an implied tenancy from month to month can rest, and obviously this circumstance is not sufficient to raise such an implied letting." In the instant case the term was fixed at three years and that term cannot be changed to a monthly tenancy by an implication to be drawn from the fact that time fixed for payment of rent was monthly. Where a tenant, in possession of land under a

lease for a term of years, which provided for a rental during the term, to be paid in equal monthly sums in advance, holds over after the expiration of the agreed term, and pays the rent according to the agreement, which the landlord accepts, he becomes a tenant from year to year. *Schneider* v. *Lord,* 62 *Mich.* 141; 28 *N. W. Rep.* 773. "Where no time is mentioned in a lease, and no annual rent is reserved, the time of the tenure under the agreement will be controlled by the interval of payments." *Albey* v. *Weingart,* 71 *N. J. L.* 92. In the case under consideration the time was fixed in the lease at three years, which is not, impliedly, to be diminished because the rent is made payable monthly. If no time was mentioned in the agreement, and no annual rent reserved, then the tenure, for want of agreement or reservation, would be controlled by the periods agreed on for the payment of rent. It cannot be properly urged that the landlord in this case could have treated the tenancy as one of month to month during the term fixed in the lease, and if not then the holding over by the tenant, and acceptance of rent by plaintiff, created a tenancy from year to year. *Decker* v. *Adams,* 12 *Id.* 99. Neither Mr. Justice Reed in *Steffens* v. *Earl,* 40 *Id.* 128, or Mr. Justice Kalisch in *Breidt Brewing Co.* v. *Weber,* 90 *Id.* 641, held, or intended to, that if the term of the tenure was agreed to, there must also be an express reservation of an annual rental, or that the reservation of rent for the term of the demise does not meet this requirement, if it is made payable monthly. In the Steffens case the rental was by the month, and Mr. Justice Reed said, "where it appears that there is an annual rent reserved, and the payment is to be made by the quarter, or month, or week, then the letting is a yearly letting, without regard to the period of payment. But where there is no such letting, and there is no evidence but the mere fact of payment at intervals of a week or a month, the implication is that the renting is a monthly or weekly one." The legal construction of this is that where the agreement is for a year it is a yearly letting, although the rent reserved is payable monthly; but

if the agreement fixes no term, and there is no evidence relating thereto, other than the fact of monthly or weekly payments, the tenure will be governed by the intervals of payment of rent. In *Breidt Brewing Co. case, supra,* Mr. Justice Kalisch was dealing with a situation where the letting was for a month, at a monthly rent, and where, according to the express terms of the agreement, only a monthly rent was reserved, and what he said must be read in connection with the facts he was dealing with. In the instant case it was not error to refuse to direct the jury to find for the plaintiff.

The next alleged error argued by plaintiff is refusal to charge as requested, "acceptance of rent did not convert the tenancy into one from year to year." This request must be applied to the facts of the case, which were that plaintiff, after the expiration of the written term, did accept rent, according to the terms of the lease, which accrued after the agreed term had expired. The refusal was not error in the absence of proof of any other fact concerning its acceptance. The appellant relies on *Condon v. Barr,* 47 *N. J. L.* 113, and apparently the request was based on a paraphrase of the head note of the case as reported, but in that case the evidence was that the landlord had demanded rent on a monthly renting from a hold-over tenant, and all that was decided was that such a demand was not conclusive evidence of the landlord's consent to an indefinite letting, and in the same case Mr. Justice Knapp said, "the receipt of rent by the landlord from one so holding over, or distraining for it, indicates with certainty a design to continue the relation of landlord and tenant, and a tenancy from year to year or at will may arise."

The law is well settled in this state that the unconditional acceptance of rent from a hold-over tenant, according to the terms of a lease for years, which has expired, creates a tenancy from year to year, in the absence of any proof from which want of consent by the landlord may be inferred.

The appellant also objects to a portion of the charge, but as the charge was consistent with this opinion, and as the objection raises the same legal questions disposed of by it, consideration of that objection is not required.

The judgment will be affirmed, with costs.

*For affirmance* — The Chancellor, Chief Justice, Swayze, Trenchard, Parker, Bergen, Minturn, Black, Katzenbach, White, Heppenheimer, Williams, Gardner, Ackerson, Van Buskirk, JJ. 15.

*For reversal*—None.