MABEL E. MANAHAN, PROSECUTRIX, v. CITY OF ENGLEWOOD, DEFENDANT.

Submitted May 15, 1931—Decided November 27, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutrix, *David H. Stemer.*

For the defendant, *F. Hamilton Reeve* and *Morrison, Lloyd & Morrison.*

The opinion of the court was delivered by

DONGES, J. This writ brings up the action of the District Court of the First Judicial District of Bergen county in entering an order for dispossession of the prosecutor. The contention here is that the District Court did not have jurisdiction of the case.

The facts are that the prosecutor rented the premises from the defendant, city of Englewood, at an annual rental of $1 per year. The lease contained a covenant that if the tenant should be adjudicated a bankrupt, or should violate any of the covenants in the lease, the landlord should have the right to terminate the lease and re-enter. On May 7th, 1930, the rent for the ensuing year became due and was not paid. On July 3d, 1930, the prosecutor was adjudicated a bankrupt. On February 17th, 1931, the city gave notice of its desire to terminate the lease because of the breach of the covenants thereof. Dispossession proceedings were then commenced in said court by service of a summons. On the return day of the summons the prosecutor deposited with the clerk of the said District Court a sum of money sufficient in amount to cover the rent due and costs, and then moved for the dismissal of the proceedings on the ground of lack of jurisdiction. The motion was denied and judgment for dispossession was entered.

1. Subdivision 1 of section 107 of the District Court act (*Comp. Stat., p.* 1988) gives the court jurisdiction where a tenant holds over after expiration of the term. This subdivision does not apply here and the defendant so admits.

2. Subdivision 2 gives jurisdiction where the tenant holds over after default in rent. This section would give jurisdiction here were it not for the fact that the tenant made the deposit. Section 108 provides that when such deposit is made the proceedings shall stop. Therefore, the court did not have jurisdiction under this section.

3. Subdivision 3 is as follows:

"Where such person shall be so disorderly as to destroy the peace and quiet of the other tenants living in said house or the neighborhood, or shall willfully destroy, damage or injure

the premises, or shall constantly violate the landlord's rules and regulations governing said premises, provided the said tenant has accepted in writing said rules or such rules are made a part of the lease; or shall commit any breach or violation of any of the covenants or agreements in the nature thereof, * * *."

The prosecutor contends that the last clause above means "any breach of any of the covenants or agreements in the nature of damage to the property or disturbing the peace." The defendant takes the position that it means the right of summary disposession is given in the case of a breach of "any of the covenants or agreements in the nature of covenants contained in the lease." Of course, the breach in this case, adjudication in bankruptcy, had nothing to do with destroying the peace or injuring the property. If the prosecutrix's construction of the language is correct, then the court was without jurisdiction.

The prosecutrix continues to the effect that if the defendant's interpretation is right, the court was still without jurisdiction, because if the statute attempted to do what the defendant claims it was unconstitutional in that regard. We think this contention is sound. The Landlord and Tenant act did not give the right of summary dispossession for the breach of a covenant. In *George Jonas Glass Co.* v. *Ross,* 69 *N. J. L.* 157, the District Court act was held to be unconstitutional in that portion where it attempted to change the Landlord and Tenant act by creating a right of re-entry without service of a three-day notice. So here, the act attempts to confer a new right on the landlord. This could be done only by amendment to the Landlord and Tenant act. The title of the District Court act is not broad enough to sustain an amendment to said act. The case of *Strait* v. *Wood,* 87 *N. J. L.* 677, is cited by defendant to the contrary. But there it was only held that the District Court act was not violative of the constitution in transferring the procedure to that court from the Justice's Court. It was clearly recognized in that case that the act could not confer any new right or impose any new liability, and the holding above re-

ferred to in the case of *George Jonas Glass Co.* v. *Ross, supra,* was approved.

We conclude that the District Court was without jurisdic-tion and the judgment should be reversed and set aside.

The judgment of the District Court is reversed, with costs..