EDMUND HECKEL, PLAINTIFF-RESPONDENT, v. FRED J. GRIESE, DEFENDANT-APPELLANT.

Submitted October 14, 1933—Decided February 15, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Edgar Leiss.*

PER CURIAM.

This is the defendant's appeal from a judgment entered in the Essex County Common Pleas Court for the plaintiff, after the answer of the defendant had been stricken out by the judge on notice and affidavit.

The factual situation, as exhibited by the pleadings and affidavits, is not in substantial dispute.

On February 20th, 1928, plaintiff in writing leased to the defendant certain premises for a period of one year and eight months beginning March 1st, 1928, and ending October 31st, 1929, at an annual rental of $1,800 dollars payable in monthly installments of $150 in advance. The defendant entered the premises on March 1st, 1928, and vacated them sometime in the month of June, 1931, and has paid the rent up to and including October 31st, 1931. Suit was started against the defendant for rent for the seven months ending May 31st, 1932, on the theory that he was a hold-over tenant. A motion was made to strike out the answer filed by the defendant, as sham and frivolous, and for final judgment, and after a

consideration of the affidavits filed by both sides and after argument, the Common Pleas judge granted the motions and defendant appeals.

We find no merit in the appeal.

The defendant, by reason of his holding over and paying the rent, became a tenant from year to year of the demised premises (*Maier* v. *Champion*, 97 *N. J. L.* 493; 117 *Atl. Rep.* 603), and in order to terminate such tenancy, the defendant would have had to serve upon the plaintiff a six months' notice of his intention to terminate the tenancy. *Zabriskie* v. *Sullivan*, 80 *N. J. L.* 673; 77 *Atl. Rep.* 1075; *affirmed*, 82 *N. J. L.* 545; 81 *Atl. Rep.* 1135. Thus far, there is no dispute.

It is quite apparent, considering the pleadings and the affidavit of the plaintiff presented at the hearing, that the action of the Common Pleas judge was entirely justified unless the affidavits presented by the defendant raised a jury question entitling the defendant to defend. We think they did not.

The plaintiff's affidavit was to the effect, among other things, that the rent in question had not been paid, and this was not denied by either of the defendant's affidavits.

The defendant's first affidavit was that on June 29th, 1931, he gave notice that he would quit the premises on October 31st, 1931. Manifestly that was not six months' notice and was ineffective.

His second affidavit was that on April 22d, 1931, "I notified Mr. Heckel (plaintiff) that I was going to move from the premises," but when he was going to move he did not state. Obviously that notice, if given, was ineffective. *Steffens* v. *Earl*, 40 *N. J. L.* 128. This latter affidavit also states that "I sent a prospective tenant to Mr. Heckel, who was desirous of renting the premises formerly occupied by me, and Mr. Heckel absolutely refused to permit him to rent the same, informing this prospective tenant, that the same was under lease to me, and would not rent them to anyone."

The affidavit was silent as to when this occurred. The lease, pursuant to which the defendant went into possession, contained a covenant of quiet enjoyment. It is immaterial

whether the defendant actually physically occupied the demised premises during the seven months' period in question. He had a legal right so to do and if he did not do so, that was solely his own affair. The plaintiff landlord was under no obligation to re-enter the premises when the tenant vacated, and no one, in the circumstances, had any right to interfere with the defendant's possession of the premises. *Muller* v. *Beck,* 94 *N. J. L.* 311; 110 *Atl. Rep.* 831.

The assertion that the plaintiff refused to show the demised premises to prospective tenants and refused to rent the same, is immaterial. The lease provided that the tenant would not assign, let or sublet the demised premises without the written consent of the landlord, and of course the plaintiff, landlord, was not bound to seek a tenant or to rent the premises in order to minimize the damages of the tenant. *Muller* v. *Beck, supra.*

The judgment will be affirmed, with costs.