THOMAS J. JOYCE, PLAINTIFF-RESPONDENT, v. MILTON P. BAUMAN, DEFENDANT-APPELLANT.

Submitted May 26, 1934—Decided September 27, 1934.

For the appellant, *Harry A. Stiles.*

For the respondent, *H. Warner Doremus.*

The opinion of the court was delivered by

TRENCHARD, J. This is defendant's appeal from a summary judgment entered after the defense had been stricken out.

The complaint set forth a written lease of premises from plaintiff to defendant for the term of one year from and after October 1st, 1927, at a rental payable in equal monthly payments in advance on the first day of every month during the term; that the defendant, without any further oral or written lease between them, occupied the premises and paid the rent reserved in the lease, until and including September, 1930, and vacated and abandoned the premises on October 1st, 1930; that the premises thereafter remained vacant, and that it was for subsequent unpaid rent that this suit was brought.

The answer of the defendant, apart from a general denial, set up two defenses as follows:

"1. The plaintiff refused to accept a proposed tenant and minimize the damages, but permitted the premises to become vacant.

"2. The defendant surrendered the premises to plaintiff prior to October 1st, 1930, and the plaintiff agreed to surrender and accepted the premises, relieving the defendant of further liability under his tenancy."

The plaintiff gave notice of a motion to strike out the answer and for summary judgment on the ground that the answer was frivolous and sham and set up no defense.

Both sides submitted affidavits, and Mr. Justice Bodine struck out the answer and defenses on the ground that they were sham or frivolous and ordered final judgment, and we think rightly.

The complaint and affidavits show, without dispute, that the tenant, by holding over and paying rent reserved in the lease, became a tenant from year to year, and that he did not give the requisite notice to terminate that tenancy. *Heckel* v. *Griese*, 12 *N. J. Mis. R.* 211; 171 *Atl. Rep.* 148.

The only questions argued relate to the propriety of the order in striking out the defenses.

The defense that the plaintiff refused to accept a proposed tenant and minimize damages, but permitted the premises to become vacant, was properly stricken out as frivolous.

On this phase of the case it is sufficient to say that the original lease provided that the tenant would not assign, let or underlet the demised premises without the written consent of the landlord; and of course the plaintiff landlord was not bound to seek a tenant or to rent the premises in order to minimize the damages of the holdover tenant who had become a tenant from year to year, and who moved out without giving the requisite notice of termination of the tenancy (*Muller* v. *Beck,* 94 *N. J. L.* 311; 110 *Atl. Rep.* 831; *Heckel* v. *Griese, supra*), and therefore the assertion that the plaintiff thereafter refused to rent the premises to a prospective tenant, if true, is immaterial, no such consent of the landlord appearing.

The defense that "the defendant surrendered the premises to the plaintiff prior to October 1st, 1930, and that the plaintiff agreed to surrender and accepted the premises, relieving the defendant of further liability under his tenancy," we think was properly stricken out as sham.

It is only when the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute that intent by acts tantamount to a stipulation to put an end thereto, that a surrender by act and operation of law arises. *O'Neil* v. *Pearse,* 87 *N. J. L.* 382; *affirmed,* 88 *Id.* 733.

The affidavits fail to disclose that the minds of the parties concurred in a common intent of relinquishing the relation of landlord and tenant. They show without dispute that the landlord told the tenant shortly before the tenant vacated that he was unwilling to relinquish his rights as landlord and pointed out that the pretended notice given him was insufficient in law. The mere receipt of the key shortly after the tenant had vacated, and the landlord's unsuccessful endeavor thereafter to rent the property, did not constitute an acceptance of surrender, it not appearing that the landlord made any use of the property for his own purposes inconsistent

with the claim of continued relationship of landlord and tenant. *Lorenz* v. *McCloskey*, 5 *N. J. Mis. R.* 27; *O'Neil* v. *Pearse, supra.*

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.