MADISON REALTY COMPANY, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLEE, v. ALBERT V. COLLINS, DEFENDANT-APPELLANT.

Argued May 5, 1936—Decided May 11, 1936.

Before Justices Bodine and Heher.

For the defendant-appellant, *George A. Henderson.*

For the plaintiff-appellee, *Zemel & Miller (Joseph Zemel).*

Bodine, J.  Plaintiff had judgment for rent.  A written lease made June 26th, 1931, for the term of one year from October 1st, 1931, covered a six-room apartment on the fourth floor of the building at 178 Plane street, Newark. The rent was payable in equal monthly installments of $52, subsequently reduced to $45.  The tenant held over for four years.  On May 31st, 1934, he moved from the premises, giving notice of intention dated February 28th, 1934.  The recovery was for rent which had accrued from July 1st, 1934, to June 1st, 1935.  The notice given was not directed to the end of the term, nor was it sufficient.

In *Heckel* v. *Griese,* 12 *N. J. Mis. R.* 212; 171 *Atl. Rep.* 148, it was held: "The defendant, by reason of his holding over and paying the rent, became a tenant from year to year of the demised premises (*Maier* v. *Champion,* 97 *N. J. L.* 493; 117 *Atl. Rep.* 603), and in order to terminate such tenancy, the defendant would have had to serve upon the plaintiff a six months' notice of his intention to terminate the tenancy. *Zabriskie* v. *Sullivan,* 80 *N. J. L.* 673; 77 *Atl. Rep.* 1075; *affirmed,* 82 *N. J. L.* 545; 81 *Atl. Rep.* 1135."

The only possible defense offered at the trial was that the president of the plaintiff company had said in February of 1934, that he would accept a month's notice to quit.

"Under the statute of frauds (*Gen. Stat., p.* 1602, § 2; now 2 *Comp. Stat., p.* 2610), no lease may be surrendered except by writing or by act and operation of law. It has been held in our Supreme Court, as well as in other jurisdictions, and we approve the doctrine, that when the minds of parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant and execute this intent by acts which are tantamount to a stipulation to put an end thereto, there at once arises a surrender by act and operation of law." *Miller* v. *Dennis,* 68 *N. J. L.* 323; 53 *Atl. Rep.* 394.

In vain we search for proof of any acts which are tantamount to a stipulation to put an end to the term at the expiration of one month from date of the alleged conversation. The terms of the lease and the extention thereof by the holding over after the expiration thereof, could not be effected by mere words alone. There must be either a writing or acts done indicative of the intent to relinquish the relationship.

There being no issue to submit to the jury, the direction of a verdict in favor of the plaintiff was proper.

The judgment is affirmed.