CAMDEN CITY DISTRICT COURT.

DANTE DE CECCO, PLAINTIFF, v. ALFRED E. WEBER AND MARY E. WEBER, DEFENDANTS.

Decided December 30, 1947.

For the plaintiff, *Wilfred B. Wolcott.*

For the defendants, *Samuel P. Hagerman.*

MARTINO, D. C. J.   The complainant has instituted dispossess proceedings based upon an affidavit of jurisdiction in this court which affidavit sets forth two separate grounds for the removal of the defendants.

The first ground is based upon the right to possession grounded on the theory that defendants are tenants at will. The affidavit states that *"On September 1, 1939, I made a lease with the defendants for the continued occupancy of said premises, which lease was for a period of five years and expired on September 1, 1944. After expiration of said lease the defendants continued in possession of said premises as tenants at will, paying the same monthly rent provided for*

*by said lease and occupying the premises described in said lease and being subject to all the terms thereof."* On May 22d, 1947, the complainant served a notice upon the defendants requiring them to surrender possession of said premises to him on December 1st, 1947.

The second ground was based upon the theory that the written lease entered into between the parties dated September 1st, 1939, and to continue until September 1st, 1944, under which lease the tenants held over as "tenants at will" provided "that they (tenants) should not make or suffer to be made any alterations in the premises without my written consent" and "the defendants have violated the terms of said lease and have made alterations in said premises as follows" then followed the several alterations which were made in the building.

A motion was made by defendants to dismiss the proceedings since they contended the affidavit did not present factually or legally sufficient facts to warrant jurisdiction in this court.

Disposition of the case will be made in the inverse order that the legal questions have been presented in the jurisdictional affidavit.

The District Court Act, *R. S.* 2:32–265; *N. J. S. A.* 2:32–265, has been construed by our appellate courts in so far as the right to proceed summarily is concerned for the breach of a covenant in a lease. The complainant undoubtedly prepared the jurisdictional affidavit based upon paragraph (C) of this statute. The appellate courts have ruled that in so far as the right of re-entry is concerned the affidavit must show this right independent of the statute for the act is unconstitutional in so far as it attempts to give a right to summary dispossession on the mere violation of any covenant. *George Jonas Glass Co.* v. *Ross,* 69 *N. J. L.* 157; 53 *Atl. Rep.* 675; *Manahan* v. *City of Englewood,* 108 *N. J. L.* 249; 157 *Atl. Rep.* 241.

The other cause of action set up in the affidavit must be reconciled with the opinions of both the Supreme Court and Court of Errors and Appeals in *Shack* v. *Weissbard (Supreme Court),* 130 *N. J. L.* 472; 33 *Atl. Rep. (2d)* 571; *(Court*

*of Errors and Appeals*), 131 *N. J. L.* 314; 36 *Atl. Rep.* (2*d*) 594. The facts in which case were these:

"On August 8th, 1938, defendant, Weissbard, leased the premises from the Revenue Building and Loan Association for a period of one year, beginning October 1st, 1938, at a rental of $1,200 per annum, payable at the rate of $100 a month. The contract contained no provision for notice of termination to supersede the notice requisite of the statute, *R. S.* 2:58–22; *N. J. S. A.* 2:58–22. At the end of the first year Weissbard held over and thereby became a year to year tenant. *Cf. Maier* v. *Champion*, 97 *N. J. L.* 493, 495; 117 *Atl. Rep.* 603. As such tenant it is clear that Weissbard was entitled to three months' notice in termination of the tenancy. *R. S.* 2:58–22, 46:8–9; *N. J. S. A.* 2:58–22, 46:8–9. The tenancy was continued by Weissbard holding over each year successively through October 1st, 1941. The plaintiff, Abraham J. Shack, purchased the premises on April 21st, 1942, and on August 19th of that year gave written notice to Weissbard to quit the premises on October 1st, 1942. The statute of 1941, *R. S.* 46:8–10; *N. J. S. A.* 46:8–10, reads as follows: "Whenever a tenant whose original term of leasing shall be for a period of one month or longer shall hold over or remain in possession of the demised premises beyond the term of the letting, the tenancy created by or resulting from acceptance of rent by the landlord shall be a tenancy from month to month in the absence of any agreement to the contrary." The only question in this case therefore is whether by virtue of this act a one month notice to the defendant, Weissbard, could end the tenancy which he enjoyed in August, 1942, or whether a three months' notice to quit was indispensable if the tenancy was to be ended on October 1st of that year."

*R. S.* 46:8–10; *N. J. S. A.* 46:8–10, became effective August 4th, 1941.

The Supreme Court in *Shack* v. *Weissbard, supra,* said, "The hold over which created a year to year tenancy occurred on October 1st, 1939."

The Court of Errors and Appeals in affirming the conclusion of the Supreme Court *supra* held "In this case the 'original term' of one year began on October 1st, 1938."

Applying the Court of Errors and Appeals construction of *R. S.* 46:8–10; *N. J. S. A.* 46:8–10, the defendant tenant in the case at hand began his term under his written lease on September 1st, 1939, therefore *R. S.* 46:8–10; *N. J. S. A.* 46:8–10 being prospective in nature would not affect his lease. The defendant's lease was one from year to year and the notice of May 22d, 1947, was defective.

The motion to dismiss is allowed.