DONALD MANLEY V. ROBERT KELLAR.

(*December* 31, 1952.)

TERRY, J., sitting.

*Joseph A. L. Errigo* and *John Merwin Bader* for the plaintiff.

*Stephen E. Hamilton, Jr.,* for the defendant.

Superior Court for New Castle County, No. 1084, Civil Action, 1951.

TERRY, J.:

This is an action by the plaintiff to recover rent under the provisions of a written lease. On the 7th day of September, 1949, the plaintiff, acting through Olga Morrison, his attorney in fact, leased in writing to the defendant a certain first floor apartment in Fairlawn County in the State of New Jersey. The term of the lease commenced on October 1, 1949, and ended on September 30, 1951. The rent reserved was the sum of $1266, payable in monthly installments of $105.50 each.

The lease contained certain covenants: (1) that the defendant would not sublet the premises nor assign said lease without the written consent of the plaintiff; (2) that the plaintiff *may* re-enter and re-let the apartment, if the defendant should vacate the same, for the balance of the term of the lease at the best rent that he can obtain for the account of the defendant who shall make good any deficiency.

The defendant entered into possession of the apartment and lived therein until November 1, 1950, when he vacated the same. On March 15, 1951, the plaintiff re-entered and re-let the apartment at the monthly rental of $105.50 for the remaining six and one-half months of the term of the lease, or until September 30, 1951.

At the time of the execution of the lease the defendant deposited with the plaintiff the sum of $105.50 as security for the faithful performance of his obligations thereunder, and on November 1, 1950, paid to the plaintiff the sum of $10 which the plaintiff credited to the rent account of the defendant, along with the $105.50 security deposit aforesaid. In re-letting the apartment the plaintiff incurred a real estate brokerage fee in the amount of $34.29.

The plaintiff's claim more particularly stated is as follows: Eleven months unexpired term:

| | | |
|---|---:|---:|
| Nov. 1, 1950 to Sept. 30, 1951 | | $1160.50 |
| Credit by reason of re-letting from Mar. 15, 1951 to Oct. 30, '51 | $685.75 | |
| Credit security deposit | 105.00 | |
| Credit by Check | 10.00 | 801.25 |
| | | $ 359.25 |
| Plus real estate brokerage fee for re-letting | | 34.29 |
| Balance due and demanded | | $ 393.54 |

The defendant admits the lease and concedes that he vacated the apartment on November 1, 1950, without first having obtained the written consent of the plaintiff, but he denies liability for any portion of rent after November 1, 1950, and until September 30, 1951, the end of the term. The defendant's position in this respect is predicated upon his assertion that he had a tenant ready and willing to pay $95 per month to the plaintiff for the apartment for the unexpired term; that is, from November 1, 1950, down to and including September 30, 1951, which together with the sum of $105.50 theretofore deposited as security money with the plaintiff, plus $10 that the defendant paid to the plaintiff on November 1, 1950, would have paid all the rent money due to the plaintiff under the lease up to and including the end of the term thereof.

The defendant argues that by reason of the plaintiff's refusal to accept the tenant as found by him, together with the mode of payment of the balance of the rent as suggested by him, that the plaintiff failed to mitigate his damages which he was duty bound to do and thereby surrendered any claim for rent against him covering the unexpired term of the lease from November 1, 1950, until September 30, 1951.

The defendant's position more particularly stated is as follows:

| | |
|---|---:|
| Rent from tenant produced by defendant for unexpired term from November 1, 1950 to September 30, 1951 @ $95.00 per month | $1045.00 |
| Security Deposit by Defendant | 105.50 |
| By Check | 10.00 |
| Representing rent in full under lease | $1160.50 |

Predicated upon the foregoing which represents the substantive allegations of each party the plaintiff has filed a motion for summary judgment under S. C. Rule 56(c), together with affidavits in support thereof. The defendant has likewise filed an affidavit in opposition to the plaintiff's motion for summary judgment. The question raised under the motion is, Was plaintiff under the circumstances presented duty bound to accept the tenant found by the defendant as of November 1, 1950, and accept rent in accordance with the defendant's plan for payment and thus mitigate his damages?

I do not have before me for determination the general question of a lessor's duty to find a new lessee, or to accept a new lessee when produced by the original lessee upon vacation of the premises by the original lessee during the term of the lease.

The present case concerns the plaintiff's duty under a special lease wherein the rights and obligations of the respective parties are unequivocally set forth. The present lease prohibits sub-letting or assignment by the defendant without the plaintiff's written consent. It further provides that if the defendant should vacate the leased premises the plaintiff *may* re-enter the same and sublet the premises at the best rent that the plaintiff can obtain for the account of the defendant who shall make good any deficiency.

The restriction against the defendant re-letting or assigning the leased premises during the term of the lease is a positive

indication that the plaintiff in case of a vacancy caused by the defendant meant to reserve to himself the right to choose his own tenant, a right which to him might be of great significance or consequence. Such a right reserved would be of no import if the plaintiff in the present case was duty bound to accept a sub-lessee produced by the defendant for the balance of the unexpired term of the lease.

█ █ Assuming *arguendo* that the plaintiff for any reason whatsoever refused to accept the sublessee produced by the defendant as a subtenant for the balance of the term, i.e., November 1, 1950, to October 30, 1951, no liability could thereby attach nor was the plaintiff obligated to immediately search for and obtain a new tenant after the defendant vacated the premises in order to mitigate his damages. *Joyce v. Bauman*, 113 *N. J. L.* 438, 174 *A.* 693; *Muller v. Beck*, 94 *N. J. L.* 311, 110 *A.* 831; *Heckel v. Griese*, 171 *A.* 148, 12 *N. J. Misc.* 211. See also, *Norville v. State Tax Commission*, 98 *Utah* 170, 97 *P.* 2d 937, 126 *A. L. R.* 1319, *supplementing* 40 *A. L. R.* 190. The plaintiff was, however, upon the exercise of his option to re-enter the premises, duty bound to sublet the same for the best rent that could be obtained for the account of the defendant who must make good any deficiency. This the plaintiff did by re-entering and subletting the apartment to a new tenant on March 15, 1951, at the monthly rental of $105.50 for and during the balance of the term, i. e., March 15, 1951 up to and including September 30, 1951.

A summary judgment must be entered in favor of the plaintiff. The defendant concedes that if the plaintiff is entitled to a judgment the amount thereof should be for the sum of $393.54.

An order will be entered accordingly.