138 N.J. Super. 270 (1976)
350 A.2d 517
RIVERVIEW REALTY CO., PLAINTIFF-RESPONDENT,
v.
CARLOS PEROSIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 9, 1975.
Decided January 8, 1976.
*271 Before Judges LYNCH, LARNER and FULOP.
Mr. William Goldberg, attorney for appellant.
Mr. Solomon Weinstein, attorney for respondent.
The opinion of the court was delivered by LARNER, J.A.D.
Plaintiff brought this action to recover unpaid rent on a lease which commenced February 1, 1973 and terminated on January 31, 1975. Defendant vacated the premises on or about February 1974 and paid no rent thereafter. The trial judge entered summary judgment for plaintiff for nine months' rent amounting to $4,050 plus interest.
Factual defenses asserted by defendant in his pleadings were unsupported by affidavits and were therefore ignored as frivolous. The sole debatable issue before the trial court was the legal validity of the defense that plaintiff failed to mitigate damages through efforts to re-rent the premises. The judge determined that this defense was not available as a matter of law and that summary judgment in favor of plaintiff was therefore appropriate.
The single issue on this appeal focuses upon the status of the law respecting the availability of the defense of mitigation *272 in a landlord-tenant relationship governed by a lease such as the one controlling this litigation.
The lease herein contained a provision that the tenant was not to assign or sublet without the written consent of the landlord. It also gave the landlord the right to re-enter and re-let the premises as the agent of the tenant  a right which could be exercised at the option of the landlord.
The state of the law in New Jersey at the present time mandates the conclusion that with a lease provision against assignment, abandonment by the tenant permits a landlord to leave the premises vacant for the balance of the leasehold term and recover the total accrued rent. He has no duty to mitigate damages  a doctrine which is universally applicable to ordinary contract relationships. Joyce v. Bauman, 113 N.J.L. 438 (E. & A. 1934); Muller v. Beck, 94 N.J.L. 311 (Sup. Ct. 1920); Zucker v. Dehm, 128 N.J.L. 435 (Sup. Ct. 1942); Heckel v. Griese, 12 N.J. Misc. 211, 171 A. 148 (Sup. Ct. 1934); Heyman v. Linwood Park, 41 N.J. Super. 437 (App. Div. 1956); Weiss v. I. Zapinski, Inc., 65 N.J. Super. 351 (App. Div. 1961).
Defendant concedes that such is the status of the law in this State and in a majority of jurisdictions. He urges, however, that this rule of law is anachronistic and that modern treatment of landlord-tenant rights and liabilities points to the need to equate a real estate lease with an ordinary contract in order to permit the defense of mitigation.
A perusal of the applicable precedents reveals that the refusal to impose upon the landlord the duty to mitigate damages stems from traditional concepts of real property law. It has been rationalized on the basis that the lease conveys a property interest to the tenant and that the duty to pay the rent for the full term is absolute as the purchase price for that interest. E.g., Sancourt Realty Corp. v. Dowling, 220 App. Div. 660, 222 N.Y.S. 288 (Sup. Ct. 1927); 1 American Law of Property § 3.11 (1952).
If we were faced with this issue untrammeled by controlling precedents, we would hold that ordinary contract *273 principles should be applied and that a tenant may seek to prove failure to mitigate in reduction of damages with the burden of proving the same cast upon him.
In 57 E. 54 Realty Corp. v. Gay Nineties Rlty Corp., 71 Misc.2d 353, 335 N.Y.S.2d 872, 873 (Sup. Ct. 1972), the court succinctly pointed out the logic in abandoning the dichotomy of treatment between general contracts and leases:
* * * Unfortunately, the law, "as to leases is not a matter of logic in vacuo; it is a matter of history that has not forgotten Lord Coke" (Gardiner v. William S. Butler, 245 U.S. 603, 605, 38 S.Ct. 214, 62 L.Ed. 505). Archaic in its origins, the effect of this background is still felt. The time has come to bring it up to date; to make the rules governing leases consistent with the rules governing contracts in all other fields. * * *

* * * * * * * *
Leases are no longer conveyances of space for a stated period; today they partake of service contracts as much as of rental contracts. They call for mutual obligations; they differ little, if at all, from other agreements. In modern times, rules of law applicable to other agreements should also apply to leases. * * * [335 N.Y.S.2d at 873-874]
See also, Parkwood Realty Co. v. Marcano, 77 Misc.2d 690, 353 N.Y.S.2d 623 (N.Y. Civ. Ct. 1974).
There appears to be no reason in equity or justice to perpetuate such an unrealistic and uneconomic rule of law which encourages an owner to let valuable rented space lie fallow because he is assured of full recovery from a defaulting tenant. Wright v. Baumann, 239 Or. 410, 398 P.2d 119, 121 (Sup. Ct. 1965); McCormick, "The Rights of the Landlord Upon Abandonment of the Premises by Tenant," 23 Mich. L. Rev. 211, 221 (1925); Note, "Right of Lessor to Refuse Any Subtenant When Lease Prohibits Transfer Without Consent," 41 Minn. L. Rev. 355 (1957). Since courts in New Jersey and elsewhere have abandoned ancient real property concepts and applied ordinary contract principles in other conflicts between landlord and tenant, there is no sound reason for a continuation of a special real property rule to the issue of mitigation. See, e.g., Berzito v. Gambino, 63 N.J. 460 (1973); Javins v. First Nat'l Realty *274 Corp., 138 U.S. App. D.C. 369, 428 F.2d 1071, 1074-1075 (D.C. Cir.1970).
As the court stated in Parkwood Realty Co. v. Marcano, supra:
[The] issue should be met head-on by removing the long established and deeply encrusted veneer from the real estate lease contract and showing it for what it is  a contract like any other contract. [353 N.Y.S.2d at 626]
Despite our view as to what the law should be, we are constrained to decide this case in accordance with the New Jersey precedents cited above, particularly because one of the cases was decided by the highest court of our state. Joyce v. Baumann, supra. Under such circumstances, as an intermediate appellate court, we have no authority to change the law and must leave it for consideration by the Supreme Court. Nixon v. Lawhon, 32 N.J. Super. 351 (App. Div. 1954).
Judgment affirmed.