ALYCE E. LEVY et al., Respondents, *v.* NEW YORK MAJESTIC CORPORATION, Appellant.

First Department, May 7, 1957.

Arthur C. Parker of counsel, (Tropp & Steinbock, attorneys), for appellant.

Robert B. Levine of counsel (Karow & Hentel, attorneys), for respondents.

Per Curiam. Plaintiffs, husband and wife, sue the owner of a house in which they occupied an apartment for damages resulting from injuries the wife sustained from a fall on a stairway used in common by tenants and others. At the time of the accident the husband's lease had expired and a statutory tenancy was in effect. One of the terms of the lease that was projected into and continued in the statutory tenancy reads as follows: " It is mutually agreed by and between the Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant's use or occupancy of said premises, and/or any claim of injury or damage." It is apparent that " any claim of injury or damage " to which the waiver clause would apply must in turn stem from matters arising out of the lease or out of the occupancy of the leased premises.

The accident which gave rise to this lawsuit did not occur on the demised premises — the apartment occupied by plaintiffs — or in any portion of the building reserved exclusively for the use and enjoyment of the tenants as an incident of the lease or of their occupancy of the leased premises (Caplan v. Goldman, 197 Misc. 404 , affd. 278 App. Div. 807; Altman v. J. F. Loewi, Inc., 5 Misc 2d 329).

A clause purporting to waive the right to trial by jury must be strictly construed against the landlord who draws and proffers the lease containing such a clause. Any person lawfully in defendant's premises, who need not necessarily have been a tenant, could have used the stairway where this accident

occurred; and could recover damages if injured due to the landlord's negligence. Reading the waiver clause narrowly, as it must be, it cannot be held that an action brought by reason of an accident occurring on a common stairway arises out of the lease or the plaintiffs' occupancy of the premises.

Accordingly, the order denying defendant's motion to strike the action from the Jury Calendar should be affirmed.

BOTEIN, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondents.