STEPHEN A. BARROW, Appellant, v. EDWARD BLOOMFIELD et al., Respondents.— Order entered April 18, 1968, appealed from, unanimously reversed on the law and the facts, with $30 costs and disbursements to appellant, and the motion to strike the action from the General Jury Calendar is denied. In this action by plaintiff, a statutory tenant, for malicious prosecution, defendants rely upon a jury waiver provision contained in the initial lease, since expired. There is no question but that such provision was projected into and continued in the statutory tenancy. The clause in question is contained in paragraph 20 of the lease. That paragraph, when read in its entirety, reveals that it is designed to apply to matters arising out of the lease or out of the occupancy of the premises. The present action is not for damages arising out of the lease or even foreseeably resulting from plaintiff's occupation of the leased premises, but is based upon an unrelated tort of malicious prosecution. " A clause purporting to waive the right to trial by jury must be strictly construed against the landlord who draws and proffers the lease containing such a clause" (*Levy* v. *New York Majestic Corp.*, 3 A D 2d 477, 478). In the case before us, as in the cited case, the altercation of March 9, 1965, also took place on a common stairway of the premises. Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.

ALFRED MARTIN et al., Appellants, v. CARMELLO SUAREZ et al., Respondents.— Order entered September 27, 1967, denying plaintiffs' motion for reconsideration of a previous denial of a general trial preference under rule IX of the Supreme Court Rules for New York and Bronx Counties, unanimously reversed on the law, the facts and in the exercise of discretion, and the motion is granted, without costs or disbursements to either party. While the injuries of plaintiff Ann Martin do not warrant a preference, plaintiff Alfred Martin alleges special damages in excess of $2,800. Additionally, plaintiff Alfred Martin alleges that he suffers from a herniated disc caused by or causally related to the accident, and he proffers a medical report in support of his contention. Though such claim is disputed, that fact alone would not warrant a denial for the disputed question cannot be determined in advance of trial (see *Squillante* v. *Los Cab Corp.*, 19 A D 2d 817; *Hocherman* v. *I. & G. Serv. Corp.*, 5 A D 2d 813). Plaintiff Alfred Martin was age 58 at the time of the accident and is a barber. He may be able arguably to justify a recovery in excess of $10,000, the jurisdictional limit of the Civil Court, and the preference should have been granted. Concur — Botein, P. J., Stevens, Eager, Capozzoli and Macken, JJ.

## (October 10, 1968)

VILLAGE OF NORTH TARRYTOWN, Appellant, v. ARMAND D'ANGELO, as Commissioner of the Department of Water Supply, Gas and Electricity of the City of New York, et al., Respondents.— Order entered May 1, 1968, denying summary judgment, unanimously reversed, without costs or disbursements, and partial summary judgment granted in accordance with agreement reached on argument. Settle judgment accordingly. Concur — Eager, J. P., Steuer, Tilzer, Rabin and Macken, JJ.