Irving B. Kendall, J.
Plaintiff’s motion to vacate the jury demand filed by the defendants, on the ground that the contract between the parties contains a waiver of trial by jury, is denied.
Involved in this lawsuit brought by a home improvement contractor is the judicial. construction of a contract printed on a form supplied by the contractor to its customers.
At the bottom of the signature page is a printed clause which reads: “This contract includes and is subject to the terms and conditions printed on the reverse side hereof which the undersigned hereby acknowledges has been read and is understood. ’ ’
The defendants did not sign their names directly under this printed clause nor did the contractor provide any space for their signatures directly under this clause.
The only signatures provided for in the contract which are directly beneath the “subject” clause require the signatures only of the “salesman” and “authorized officer” of the contractor.
The defendants’ signatures appear at the bottom of the contract on the right hand side directly beneath the terms of sale and not under the afore-mentioned “subject” clause.
On the reverse side of the contract at the top of the page appear the words: “Terms, Conditions and Provisions Agreed by Customer As Stated on the Face of the Within Instrument.”
*647 Directly below this legend which is printed in hold type are 19 clauses printed in a light face type in smaller letters, which deal with the responsibility of the contractor and the customer.*
The court notes that the word “contract” which is used by the plaintiff contractor in the “subject” clause on the signature side of its contract does not reappear in the legend printed at the top of the reverse side of the contract. Instead, the word ‘ ‘ instrument ’ ’ is employed.
The Constitution of the State of New York expressly provides, in section 2 of article I, that the right to a jury trial in a civil case may be waived by the parties ‘ ‘ in the manner to he prescribed by law.” This court takes judicial notice of the fact that the State Legislature has not enacted any statutes to govern this type of case and accordingly case law will he relied upon.
As stated by Civil Court Justice Thomas R. Jones in David v. Manufacturers Hanover Trust Co. (55 Misc 2d 1080, 1082) “ Even where valid jury waiver clauses have been found in contracts between freely consenting parties, the courts have not hesitated to construe them strictly against the party who had drawn and proffered the contracts when the issue involved the scope and reach of the waiver clause. (See e.g., Levy v. New York Majestic Corp., 3 A D 2d 477.) ”
The facts in this case including the location of the “ subject ” clause on the signature page, the place provided for the signatures of the customers, and the language used in the legend appearing at the top of the reverse side of the contract do not permit this court to find that defendants knowingly waived their rights to a jury trial.
If the plaintiff desires to obtain from its customers a waiver of their right to a trial by jury it should spell out this waiver in a loud and clear manner.

 Clause 14 thereof provides that “ The right to a trial by jury in any action wherein this contract may be involved, or be the basis of suit, is hereby waived by the Customer.”