Henry F. Werker, J.
The above-named petitioner has by petition and order to show cause brought on a special proceeding for a writ of habeas corpus with respect to one David Paul Biear who is detained in the Greene County jail.
The petitioner, George J. Pulver, Jr., is the Public Defender of the County of Greene. The respondent, Joseph M. Pavlak, is the Sheriff of the County of Greene into whose custody David Paul Biear has been committed. The petitioner in the course of his duties and while visiting another prisoner in the county jail on August 18, 1972 was accosted by David Paul Biear who was then in custody upon a commitment without bail dated July 21,1972 issued by Hon. Charles Crommie, Town Justice of the Town of Catskill, County of Greene charging the said David Paul Biear with burglary in the second degree contrary to section 140.25 of the Penal Law, a felony, and criminal possession of a hypodermic instrument contrary to section 220.45 of the Penal Law, a misdemeanor. No counsel was appointed for Mr. Biear by the Justice Court and upon Mr. Pulver’s report to this court on August 18, 1972 he was assigned to represent him as Public Defender.
Upon the return of the order to show cause the County Attorney, Hon. John Fromer, Esq., and the District Attorney Hon. James C. Steenbergh appeared and opposed the application. The basis for their opposition was to the effect that the formal *96 requirements of CPLE 7002 have not been complied with and that no factual reason for the alleged wrongful detention has been stated in the petition. The court finds these objections without merit. The statute only requires that the application be made by the detainee or someone on his behalf. Further the requirement of the statute is only that the nature of the illegality be stated.
The petition as read by this court 'sufficiently states the nature of the1 illegality and a reading of the exhibits annexed to it furnishes ample evidence of the illegality.
The photostatic copy of the docket page of the Town Justice recites the following with respect to the rights accorded David Paul Biear upon his arraignment on July 21, 1972:
‘ ‘ Defendant brought into court, informed of the charge against him and immediately instructed as follows:
‘ You are entitled to the aid of Counsel in every stage of these proceedings, and before any further proceedings are had. You are entitled to an adjournement for that purpose and upon your request I will send a message to any Counsel you name within the jurisdiction. Do you desire counsel? Defendant answered No.’
“ After waiting a reasonable time, and no Counsel appearing for defendant, I proceeded to examine the case. Defendant waived examination ”. (Italics supplied.)
The docket indicated that David Paul Biear’s date of birth is October 9,1954, at the time of his arraignment he was therefore not yet 18 years of age.
There exists a presumption of regularity with respect to 'the docket of the Town Justice and no issue has been raised by any party as to the authenticity of that record. The court in the course of the argument offered to hold a hearing with respect to the facts and circumstances of the proceeding at the time of arraignment which was waived by the petitioner and refused by the District Attorney upon the ground that such a hearing would place upon the respondent a burden which he did not have.
No notations other than those quoted above are contained in the docket to show compliance with GPL 180.10. It is clear from the docket which is the only record of the proceedings that GPL 180.10 was not complied with in the following respects:
1.) Dnder GPL 180.10 (subd. 1) the defendant was not informed that the primary purpose of the proceedings upon such felony complaint was to determine whether he was to be held for action of the Grand Jury.
*97 2. ) Under the same subdivisions of that section defendant was not furnished with a copy of the felony complaint.
3. ) Under the same section subdivision 2 defendant was not informed that he had a right to a prompt hearing upon the issue of whether there was sufficient evidence to warrant the court in holding him for the action of the Grand Jury.
4. ) Under the same section subdivision 3 (par. [c]) defendant was not informed that he was entitled to have counsel assigned to him by the court if he was financially unable to obtain the same.
It is the mandate of CPL 180.10 (subd. 4) that:
‘ ‘ The court must inform the defendant of all rights specified in subdivisions two and three.”
Perhaps even more important is the legislative mandate contained in the second sentence of CPL 180.10 (subd. 4).
“ The court must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them.”
Subdivision 5 of section 180.10 makes further provision as to the manner in which the court must proceed. The record here is silent as to any allocution with the defendant which would have led the court to be satisfied that the defendant made a decision to proceed without counsel and to waive an examination with full knowledge of the significance of that decision and its consequences.
It is obvious that the requirements with respect to counsel have not been met. It is implicit in the statute that unless the defendant is informed of the “ primary purpose of the proceeding ” that no proper foundation has been laid for the acceptance of a waiver of a preliminary hearing as is the failure to inform the defendant that he is entitled to a prompt hearing on the issue.
The thrust of Mr. Pulver’s petition on behalf of David Paul Biear is that unless the statute has been complied with no waiver of the right to counsel or a preliminary hearing can knowingly, intelligently and undérstándiñgly have been given as a matter of law. He further contends that the American Bar Association standard with respect to the waiver of the right to counsel ought to be extended to the waiver of the right to a preliminary hearing.
The American Bar Association standard with respect to the waiver of the right to counsel is:
“ If a person who has not seen a lawyer indicates his intention to waive counsel, a lawyer should be provided to consult with *98 him. No waiver should be accepted unless he has at least once conferred with counsel.”
The Appellate Division, Third Department, has held that the preliminary hearing was not a critical stage. (People v. Smith, 29 A D 2d 578.) However, since the case of Coleman v. Alabama (399 U. S. 1) this court is of the opinion that it is bound to hold that the preliminary hearing is a critical stage for the reasons expressed by the United States Supreme Court (pp. 9-10) namely:
‘1 The determination whether the hearing is a ‘ critical stage ’ requiring the provision of counsel depends, as noted, upon an analysis ‘ whether potential substantial prejudice to defendant’s rights inheres in the * * * confrontation and the ability of counsel to help avoid that prejudice. ’ United States v. Wade [388 U. S. 218], supra, at 227. Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer’s skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State’s case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State’s witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.
“ The inability of the indigent accused on his own to realize these advantages of a lawyer’s assistance compels the conclusion that the Alabama preliminary hearing is a ‘ critical stage ’ of the State’s criminal process at which the accused is 1 as much entitled to such aid [of counsel] * * * as at the trial itself.’ Powell v. Alabama, [287 U. S. 45], supra, at 57.”
Although this court is unwilling to adopt the American Bar Association standard since that would result in judicial legislation it does adhere to the plain and direct mandate to the courts contained in GPL 180.10 and the law of the land as expressed in Coleman v. Alabama (supra). The court must on the record of allocution satisfy itself that the defendant understands and is able to understand the full consequences of his waiver of *99 counsel and the nature of the services which counsel can render to him upon a preliminary hearing and the nature and effect which such a hearing could possibly have upon further proceedings. It would be a rare case indeed where a court could satisfy itself under the law that a 17-year-old defendant could make such a decision intelligently and understandingly.
This court furthermore bears the burden of protecting the rights not only of the person charged but also of the People. It is not its function to permit or condone what in its opinion would be reversible error committed at the initial stages of the prosecution. To do so would be nonfeasance and unfair to the People as well as the defendant.
It is the conclusion of this court that David Paul Biear is wrongfully detained in the Greene County jail having been denied counsel contrary to the provisions of CPL 180.10 and that his waiver of a preliminary hearing was without foundation in law in that it was not knowingly, intelligently and understandingly given with full knowledge of the consequences.
Accordingly David Paul Biear is ordered released from custody unless he is arraigned before Hon. Charles Crommie, Town Justice of the Town of Catskill, County of Greene, State of New York, on September 6, 1972 in accordance with CPL 180.10 and an opportunity for a preliminary hearing on the same day is accorded to him.