Bruce McM. Wright, J.
In this summary holdover proceeding based upon allegations that the tenant violated substantial obligations of his tenancy, he has filed an answer and demanded a trial by jury. Petitioner landlord now moves to strike the jury demand, citing paragraph 26 of the lease between the parties. That paragraph is entitled "Waiver of Trial by Jury,” followed by a text claiming mutuality of agreement between landlord and tenant, waiving trial by jury in summary proceedings.
In opposition to the motion, respondent argues that leases offered to tenants seeking shelter in a scarce housing market, do so on a take-it-or-leave-it basis; that in such circumstances helpless tenants face a Hobson’s dilemma of choices and may accept an instrument drawn to protect landlords, or negotiate in vain and seek haven elsewhere. The bargainers, it is said, do not engage their commercial debate for dwelling space on any level of parity. The price, for an apartment, the inference is suggested, is not only the rent, but also a coerced waiver of constitutional and statutory rights.
Respondent’s memorandum, learned in legal history, both ancient (NY Const of 1777), and modern (Avenue Assoc. v Buxbaum, 83 Misc 2d 134), makes many eloquent points. It may be said, however, that when the Constitution speaks of the right to a trial by jury, and when section 745 of the Real Property Actions and Proceedings Law gives statutory approval to the right, those mandates speak to a posture of parties where the right has not been forsworn, given up and waived.
The dispositive question here, then, as it must be in all such cases, is, did the tenant knowingly, intelligently, voluntarily *301 and intentionally waive his jury trial entitlement, or was his forfeiture of that right exacted by the landlord by oppressive circumstances which compelled an unknowing or unwilling waiver?
Since the right to a jury trial is so fundamental, the Nation’s highest tribunal has written that courts will "indulge every reasonable presumption against waiver” (Aetna Ins Co. v Kennedy, 301 US 389, 393). And, jury trial waivers are always strictly construed and are not to be lightly inferred or extended by implication (Barrow v Bloomfield, 30 AD2d 947). In both criminal and civil cases, where waiver of the right is asserted, the burden rests with him who seeks to enforce it and he must show that there was a clear, knowing and intelligent waiver. Add to these descriptive words those of "voluntary” and "intentional”, and the heavy burden of those claiming waiver is defined.
Accordingly, the question of whether or not there was a waiver of the right to a jury trial is respectfully reserved to Trial Part 49 of this court to be referred for a hearing on all of the circumstances surrounding execution of the lease to determine whether there was a clear, knowing, intelligent deliberate and intentional waiver of the jury trial right by the tenant. The hearing shall proceed on August 4, 1975, with due respect for the hearing officer’s calendar condition.