Anthony R Corso, J.
In this breach of contract action plaintiff alleges that defendant has failed to pay the stipulated monthly installments for the leasing of certain office equipment. Defendant in their answer denied liability and instituted a third-party action against the manufacturer of the leased equipment for breach of warranty for fitness of purpose. After issue was joined, plaintiff filed a notice of trial. Defendant, third-party plaintifff, thereafter filed a demand for a trial by jury. Plaintiff brings on this motion to strike said demand citing paragraph 21 of the lease which reads as follows: "lease hereby waives any right of counterclaim or set off in any action involving or arising out of this lease and the parties hereto waive the right to a jury trial.”
Defendant, third-party plaintiff, argues that it is deemed not *1075 to have waived the right to a jury trial of the facts arising from a cross claim or third-party claim by asserting it is an action where there is no right to a jury trial (CPLR 4102, subd [c]).
Therefore the question to be resolved in this matter is whether defendants waived their rights to a trial by jury arising out of this contract where the third-party defendant was not a party to the contract.
A right to a jury trial is so basic in our system of justice that it has been written that courts should "indulge every reasonable presumption against waiver.” (Aetna Ins. Co. v Kennedy.; 301 US 389.) It has also been stated that jury waivers should be strictly construed and are not to be lightly inferred or extended by implication (Barrow v Bloomfield, 30 AD2d 947). In the agreement before this court the alleged waiver refers to counterclaims and setoffs between the parties. A waiver clause is to be construed strictly and any ambiguity will be interpreted against the contract’s author (Frohlich & Hager v Amalgamated Props., 181 Misc 127, affd 181 Misc 128). The lessee has not specifically waived its rights to a jury trial as to third-party actions. The contract mandates that the lessor (plaintiff) makes no warranties as to the equipment and further provides that the lessee (defendant, third-party plaintiff) is to look solely to the manufacturer for any claims arising from any defect or breach of warranty. Said clause does not provide for a waiver to litigate such a matter before a jury. It is basic that a third-party action is not a setoff or counterclaim; therefore the question presented must be answered in the negative.
This court concludes, however, that as to the claim-in-chief the waiver of a trial by jury is binding upon the plaintiff and defendant (NY Const, art I, § 2; CPLR 4102, subd [c]), but as to the third-party action defendant, third-party plaintiff, is entitled to a trial by jury on its claim against the third-party defendant. Of course this court has considered severing the causes of action and directing that they be tried separately, (CPLR 603), but a severance is found to be inadvisable. The breach of lease and breach of warranty actions are so related that one trial is the only logical procedure available.
Therefore, the Trial Judge presiding at the third-party action (breach of warranty) should at the same term try and determine without the jury the main action and, if there be *1076 need, the impleader action should be tried as herein ordered by a jury. (Vinlis Constr. Co. v Roreck, 23 AD2d 895.)