OPINION OF THE COURT
Herman Cahn, J.
In this nonpayment proceeding, respondent moves for permission to file a jury demand, and petitioner cross-moves to prohibit the filing of the same, or in the alternative to vacate it.
The premises are residential premises occupied by respondent pursuant to the terms of a lease executed in 1967, the term of which lease was extended by operation of the emergency rent laws. The lease contains a "jury waiver” clause, by *871 which the tenant waived her right to trial by jury, although the landlord did not.
Respondent has interposed two counterclaims based upon a claimed breach of the implied warranty of habitability.
The court here faces the question of whether the jury waiver clause contained in the lease should be held to waive respondent’s right to a trial by jury of the counterclaims. For the reasons stated herein, the court holds that the waiver should not be so extended.
Our courts have always strictly construed jury waiver clauses contained in leases or contracts. The Appellate Division has stated the rule as follows: "A clause purporting to waive the right to trial by jury must be strictly construed against the landlord who draws and proffers the lease containing such a clause.” (Levy v New York Majestic Corp., 3 AD2d 477, 478.) Jury waiver clauses as to residential premises are given effect, in proper cases. (Avenue Assoc. v Buxbaum, 83 Misc 2d 719.) A jury waiver clause in a lease continues in effect when the tenancy is continued, as here, by reason of the emergency rent laws. (Maiden Lane Serv. Stas, v Rubin, 5 Misc 2d 328.)
A careful reading of the jury waiver clause contained in the instant lease, reveals that the parties clearly intended that a claim for nonpayment of rent would have been covered. Therefore the claims contained in the petition would be covered by the jury waiver clause.
However, respondent has interposed affirmative defenses and counterclaims based on the alleged breach of the implied warranty of habitability. (Real Property Law, § 235-b.) Such implied warranty was first codified in the Real Property Law in 1975. A common-law implied warranty was earlier recognized by some courts, including this one, but not as early as 1967 when the instant lease was executed. (Tonetti v Penati, 48 AD2d 25; Amanuensis Ltd. v Brown, 65 Misc 2d 15.) Prior to the decision in Amanuensis Ltd. v Brown (supra) a claim based on an implied warranty of habitability would not have been actionable.
Nothing in the jury waiver clause in the instant lease reveals that the parties intended to have tenant waive a trial by jury of a right tenant did not then possess. In fact, the parties could not have contemplated the legal claims asserted in tenant’s counterclaims, since at the time the lease was executed such claims were not recognized by the law. In the *872 absence of a clearly stated intention to waive a jury trial as to such after acquired rights, the jury waiver clause of the lease will not be upheld as to such causes of action. (Klipack v Raymar Novelties, 273 App Div 54.)
Since the factual allegations of the petition, except as to the payment of rent, are not seriously placed in issue herein, it would seem that the major factual issues to be resolved are those as to which respondent is entitled to a jury. Therefore the motion to compel acceptance of the jury demand is granted, and the cross motion is denied.